UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------- X

UNITED STATES OF AMERICA,        :

        Plaintiff,       :    CASE NO.14-CR-144 (TJM)

  -against-          :    NON-PARTY GOOGLE INC.'S
                                MEMORANDUM OF LAW IN SUPPORT

ADAM GONZALEZ,          :    OF MOTION TO QUASH SUBPOENA
                                FOR TESTIMONY

        Defendant.     :

                            :

-------------------------------------- X

**NON-PARTY GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO QUASH SUBPOENA FOR TESTIMONY</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND .............................................................................. 1

III.    ARGUMENT ....................................................................................................... 3

        A.      The Witness Subpoena Seeks Duplicative and Unnecessary Testimony .............. 3

        B.      The Witness Subpoena Imposes a Burden on Google That Outweighs the
                Government's Need for Testimony ...................................................... 6

IV.     CONCLUSION ................................................................................................... 8

## I.      INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records. To that end, Google Inc. ("Google") provided the Government with a 902(11) declaration to authenticate and admit certain business records that the government intends to use at trial. Despite the dictates of Rule 902(11), the government has served non-party Google with a witness subpoena to authenticate those records (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Despina Papageorge ("Papageorge Decl."). Shortly after serving Google with the subpoena, however, the Government informed Google that it was excused from testifying because the case had settled. *See* ¶ 2 of the Declaration of Randy Tyler ("Tyler Decl."). However, on Saturday, April 11, 2015—three days before the return date on the subpoena--the Government changed its position and insisted that one of Google's California-based records custodians be prepared to make the two-day, three thousand mile trip to Albany on short notice. *Id*, ¶ 3. Google understands that the Government agrees that Google's records fall within the ambit of Rule 803(6) and 902(11), but has issued the Witness Subpoena anyway because it is concerned that Defendant will take the unreasonable and indefensible position that a declaration is inappropriate. *Id*.

Because Google's business records can be authenticated and admitted without live testimony, and because the Government gave Google a mere three days' notice of its request for testimony after previously excusing its appearance, Google submits that the Witness subpoena should be quashed as unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II.      FACTUAL BACKGROUND

On September 12, 2013, Google received a subpoena from the Federal Bureau of Investigation, seeking the production of certain business records. On November 14, 2013, Google produced responsive records to the Government, along with a certificate of authenticity

consistent with Rules 803(6) and 902(11). *See* Papageorge Decl., Ex. 2. On May 1, 2014, Google received a search warrant from the FBI, also seeking production of certain business records. On May 5, 2014, Google again produced responsive records to the Government along with a certificate of authenticity consistent with Rules 803(6) and 902(11). *Id*., Ex.3.

On or about April 2, 2015, Google received a subpoena from the United States Attorney's Office for the Northern District of New York pursuant to Fed. R. Crim. P. 17. *See* Papageorge Decl., Ex. 1. The subpoena sought Google's appearance in court on April 14, 2015. *Id*.  On April 6, 2015, counsel for Google contacted Assistant United States Attorney Wayne Myers, who stated that Google was excused from appearing because the parties had reached a plea agreement. Tyler Decl., ¶ 2. Google accordingly understood that its appearance was no longer required and its obligations under the subpoena fulfilled, rendering the subpoena moot. *Id*.

On April 11, 2015, AUSA Myers retracted his prior statement that Google was excused from appearing and insisted that Google maintain a custodian on "standby" in case testimony was required. Tyler Decl., ¶ 3, Ex. 1. Counsel for Google responded that same day, objecting to the Government's additional request for testimony on short notice. *Id*. Counsel for Google further informed the Government that Google had no custodians available to make the two-day, three thousand mile trip to Albany on such short notice. *Id*. Nevertheless, Google offered to resolve this matter by agreeing to testify remotely via video conference or telephone. *Id*. The Government was unable to confirm this option over the weekend. *Id*.

Google understands that the Government agrees that the records should be admissible under Rules 803(6) and 902(11). *See* Tyler Decl., ¶ 3. However, Google understands that the Government fears Defendant may object to certification in lieu of live testimony, and therefore seeks live testimony to establish the authenticity of the records produced by Google—even

though no issue has been raised as to the regularity, completeness or authenticity of the records. *See* Papageorge Decl., ¶ 5. Google has attempt to resolve this matter to no avail, and therefore files this motion to quash.

## III.    ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2) permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

### A.    The Witness Subpoena Seeks Duplicative and Unnecessary Testimony

Federal Rule of Evidence 803(6)[1] provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified witness, *or by a certification that complies with Rule 902(11)….*" (emphasis added).  This exception applies if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity . . . and
> **(D)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

---

[1] Federal Rules of Evidence 803 and 902 were reworded in 2011.  As expressly reflected in the Advisory Committee notes for each Rule, the changes "are intended to be stylistic only" and "[t]here is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 803 advisory committee notes; Fed. R. Evid. 902 advisory committee notes.

Under Federal Rule of Evidence 902(11), extrinsic evidence of authenticity is not required for admissibility with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Here, the documents produced contain information recorded by Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Papageorge Decl. Ex. 2-3; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Google, and were made in the course of regularly conducted activity as a regular practice by Google. *See* Papageorge Decl. Ex. 2-3; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). Accordingly, there can be no dispute that the documents produced by Google are business records under Rule 803(6), or that Google's declarations comply with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Davis*, 531 Fed. Appx. 65, 69 (2d Cir. 2013) (rejecting appeal under the Confrontation Clause, and upholding admission of video surveillance footage without live testimony of video technician, noting that "the primary purpose" of the footage was "related to the safety and security . . . not [ ] establishing or proving some fact at trial."); *U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by certificate from records custodian, noting that use of certificates is permissible where the

purpose is solely to authenticate records and not to establish facts); *U.S. v. Yeley-Davis*, 632
F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant
and upholding admission of phone records authenticated by 902(11) declaration from
Verizon's records custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485,
at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *U.S.
v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make
themselves available for cross-examination in the countless criminal cases heard each day in
our country would present a serious logistical challenge without any apparent gain in the truth-
seeking process") (internal quotation marks omitted); *U.S. v. Qualls*, 553 F. Supp. 2d 241, 245
(E.D.N.Y. 2008) (rejecting Confrontation Clause challenge and upholding admission of
foreign business records obtained from currency and derivatives trading firm, stating that
requiring live witness testimony to authenticate all business records "would dramatically
decrease judicial efficiency at minimal or no gain to the truth-seeking process").[2]

The Supreme Court's decisions in *U.S. v. Melendez-Diaz*, 557 U.S. 305 (2009)
(upholding Confrontation Clause challenge against admission of analyst report attesting that
the substance analyzed was cocaine) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011)
(upholding Confrontation Clause challenge against admission of blood alcohol analysis) do
not change this analysis, because those cases concerned reports expressly produced for
purposes of a criminal proceeding. By contrast, and as explained in *Melendez-Diaz*,

---

[2] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of
a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to
complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records
custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where
the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the
court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert.
dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a
subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already
covered by an affidavit before the court").

"[b]usiness and public records are generally admissible absent confrontation" because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" and are therefore "not testimonial." *Melendez-Diaz*, 557 U.S. at 324; *see also U.S. v. Tischler*, --- Fed. Appx. ---, 2014 WL 3512612, at *3 (2d Cir. 2014) (quoting *Melendez-Diaz*, 557 U.S. at 324).

Indeed, to compel Google to send a witness to provide live testimony would defeat the purpose of Rule 902(11), as noted by one of its drafters:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

**B.     The Witness Subpoena Imposes a Burden on Google That Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena under Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since

the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

Under Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp*., No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The Government cannot demonstrate an interest in enforcing the Witness Subpoena beyond that which has already been proven:  the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Google understands that the Government agrees, *see* Tyler Decl., ¶ 3, yet seeks live testimony primarily because it is concerned that Defendant may unreasonably argue that a declaration is inappropriate for some unexpressed reason.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Papageorge Decl. ¶ 2. Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis. *Id*. The types of investigations that lead to these requests run the gamut from drug cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id*. Numerous courts throughout the country

have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id*. If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id*. Moreover, the Government's request that Google send a Records Custodian across country on such short notice is unreasonable and unduly burdensome, particularly after the Government had already excused Google from appearing and then waited until the weekend before trial to renew its request. Tyler Decl., ¶ 2.

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.    CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.

Dated: April 13, 2015                              Respectfully submitted,

                                                   PERKINS COIE LLP

                                                   By: /s/ Jeffrey D. Vanacore
                                                       Jeffrey D. Vanacore
                                                       JVanacore@perkinscoie.com

                                                   30 Rockefeller Plaza, 25th Floor
                                                   New York, New York  10112
                                                   Tel.:  (212) 262-6900
                                                   Fax:  (212) 977-1649

                                                   Attorneys for Google Inc.

## **CERTIFICATE OF CONFERENCE**

Counsel for Google Inc., John R. Tyler, conferred with Assistant U.S. Attorney, Wayne Myers regarding the witness subpoena that is the subject of the foregoing motion to quash and Mr. Myers indicated that the United States will not withdraw the subpoena.

/s/ John R. Tyler_____
John R. Tyler
Counsel for Google Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Non-Party Google

Inc.'s Motion to Quash Subpoena for Testimony, Non-Party Google Inc.'s Motion to Quash

Subpoena for Testimony, Declaration of Despina Papageorge in Support of Non-Party Google

Inc.'s Motion to Quash Subpoena for Testimony and Exhibits in Support Thereof, Declaration of

John Tyler in Support of Non-Party Google Inc.'s Motion to Quash Subpoena for Testimony and

Exhibits in Support Thereof, and Proposed Order Granting Google Inc.'s Motion to Quash

Subpoena for Testimony were filed electronically on April 13, 2015 and thereby served upon the

following counsel both via CM/ECF and via electronic mail:

Amanda W. Cox
U.S. Department of Justice – Albany Office
445 Broadway
James T. Foley Courthouse
Albany, NY 12207
518-431-0247
Email: amanda.cox@usdoj.gov

Emily T. Farber
Office of the United States Attorney –
Albany
James T. Foley Courthouse
445 Broadway, Room 218
Albany, NY 12207
518-431-0247
Email: emily.farber@usdoj.gov

Sean K. O'Dowd
Office of the United States Attorney –
Albany Office
445 Broadway, Room 218
Albany, NY 12207
518-431-0247
Email: Sean.ODowd@usdoj.gov

Wayne Myers
Office of the United States Attorney –
Albany Office

Mark J. Sacco
Sacco Tyner, PLLC
38 North Ferry Street
Schenectady, NY 12305
518-374-7411
Email: mjs@mjsacco.com

*Attorneys for Defendant Adam Gonzalez Watson*

James T. Foley Courthouse
445 Broadway, Room 218
Albany, NY 12207
518-431-0247
Email: Wayne.Myers@usdoj.go

*Attorneys for the United States*

                                        */s/ Jeffrey D. Vanacore*_____
                                        Jeffrey D. Vanacore